JS-6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-7417 PA | Date | January 14, 2014 |
|---|---|---|---|
| Title | In re Continental Coin Corp. | | |

Bankruptcy No. 1:00-bk-15821 GM; Adversary No. 1:07-ap-01291 GM

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Paul Songco | None | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**   IN CHAMBERS — COURT ORDER

On December 30, 2013, this Court issued an order to show cause why this appeal should not be dismissed for lack of appellate jurisdiction.  The order to show cause directed appellant Nancy Hoffmeier Zamora, the bankruptcy trustee ("Trustee"), to file her response to the order no later than January 13, 2014.  The order to show cause warned Trustee that the failure to file a response by that date may result in the dismissal of the this appeal.  Trustee did not file a timely response to the order to show cause.

Trustee's appeal in this matter challenges the Bankruptcy Court's September 18, 2013 Order resolving a Motion for Terminating Sanctions or Alternative Sanctions and for Fees and Costs filed by Rodger Virtue ("Virtue") in an adversary proceeding currently pending in the Bankruptcy Court.  The Bankruptcy Court's September 18, 2013 Order denied Virtue's request for terminating sanctions against Trustee but imposed a lesser monetary sanction of $4,105.51 against Trustee for discovery violations.

Trustee filed a Notice of Appeal and elected to have the appeal heard by the District Court pursuant to 28 U.S.C. § 158.  Section 158 provides:

> (a)   The district courts of the United States shall have jurisdiction to hear appeals
> (1)   from final judgments, orders, and decrees;
> (2)   from interlocutory orders and decrees issued under section 1121(d) of title 11 increasing or reducing the time periods referred to in section 1121 of such title; and
> (3)   with leave of the court, from other interlocutory orders and decrees;

JS-6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-7417 PA | Date | January 14, 2014 |
|---|---|---|---|
| Title | In re Continental Coin Corp. | | |

>And, with leave of the court, from interlocutory orders and decrees, of bankruptcy judges entered in cases and proceedings referred to the bankruptcy judges under section 157 of this title.

28 U.S.C. § 158.

      The Court concludes that the Bankruptcy Court's September 18, 2013 Order is not a final judgment, order, or decree. See Johnny Pflocks, Inc. v. Firestone Tire & Rubber Co., 634 F.2d 1215, 1216 (9th Cir. 1980) ("Discovery orders and sanctions in the nature of civil penalties are normally deemed interlocutory and thus nonappealable by the parties."); see also Koninklijke Philips Elecs. N.V. v. KXD Tech., Inc., 539 F.3d 1039, 1042 (9th Cir. 2008). Nor does it appear that Trustee has obtained leave of court to pursue an interlocutory appeal of that order. As a result, a party must ordinarily wait until a final judgment to appeal a discovery sanction. Id. at 1217 (granting motion to dismiss appeal for lack of jurisdiction and holding that "a party may not appeal this type of discovery order prior to final judgment"); see also Koninklijke Philips Elecs. N.V., 539 F.3d at 1046 (noting that "defendants will have the opportunity to appeal the sanctions imposed after a final judgment").

      For all of the foregoing reasons, the Court concludes that it lacks jurisdiction over the appeal of the September 18, 2013 Order. The Court therefore dismisses this appeal for lack of appellate jurisdiction.

      IT IS SO ORDERED.